UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF DEEP SOUTH
AIRBOATS, LLC

CIVIL ACTION

NO. 21-2085

SECTION M (5)

## ORDER & REASONS

Before the Court is a motion for partial summary judgment on the issue of limitation of liability filed by complainant-in-limitation Deep South Airboats, LLC ("Deep South").[1]  Claimant Kendrick Anthony responds in opposition,[2] Deep South replies in further support of its motion,[3] and Anthony submits a surreply in further opposition.[4]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies the motion upon finding that genuine disputes of material fact exist as to Deep South's privity or knowledge of the alleged negligence.

## I.     BACKGROUND

This is a limitation action arising out of personal injuries Anthony sustained while he was a passenger on an airboat owned by Deep South.[5]  At the time of the incident, Anthony was working on a coastal restoration project in Fourchon, Louisiana, as a longshoreman for Weeks Marine, Inc. ("Weeks Marine").[6]  Because a hurricane had made transit to the work area by

---

[1] R. Doc. 32.
[2] R. Doc. 41.  Intervenors Weeks Marine, Inc. and Signal Mutual Indemnity Association (together, the "Intervenors") also filed an opposition to Deep South's motion, wherein they adopt the arguments and statements of contested fact raised in Anthony's opposition.  R. Doc. 43.  Deep South replies, stating that although the Court's September 8, 2022 Order & Reasons permitted these parties to intervene in the action, it expressly prohibited them from contesting Deep South's entitlement to limitation of or exoneration from liability.  R. Doc. 53 at 1.  The Court agrees.  Therefore, the Court will not consider the Intervenors' opposition in resolving the instant motion.
[3] R. Doc. 50.
[4] R. Doc. 55.
[5] R. Doc. 1 at 1.
[6] *Id.*

crewboat all but impossible, Weeks Marine was required to use an airboat to complete the transport of its personnel from the crewboat to the project location. Weeks Marine hired Deep South, a company owned by Denny and Joyelle Adolph, to provide the airboat services.[7] Deep South maintains a fleet of airboats, crewed by contract operators, to provide various services to companies working in the marshes of south Louisiana.[8] Deep South, in turn, hired Clint Boudreaux to operate the airboat for the job.[9] On November 28, 2020, Boudreaux arrived at the worksite to ferry Anthony, along with other Weeks Marine employees, back to the crewboats because their shift had ended for the day. Shortly after Boudreaux departed, the airboat ran aground on a sandbar and Anthony was allegedly thrown from the vessel. As a result, Anthony states that he suffered debilitating injuries to his shoulder, back, hip, and right leg.[10]

Following the incident, Anthony brought suit against Deep South, alleging that the company's negligence and the unseaworthiness of the vessel caused his injuries.[11] That matter was stayed by Deep South's subsequent filing of the instant limitation action.[12] In its complaint for limitation, Deep South concedes that it was the owner and operator of the airboat at the time of the incident but argues that Anthony's injuries did not arise from any unseaworthiness of its vessel or negligence attributable to the company.[13] Nevertheless, should the Court find otherwise, Deep South maintains that it is entitled to limit the extent of its liability for Anthony's injuries to the value of the airboat and its pending freight, pursuant to the Limitation of Liability Act, 46

---

[7] R. Doc. 32-4 at 4-5.
[8] *Id.* at 2-6.
[9] R. Docs. 32-4 at 6; 41-3 at 3.
[10] R. Doc. 6 at 7.
[11] *Anthony v. Deep South Airboats, LLC*, No. 21-1070 (E.D. La.), R. Doc. 1 at 5-9.
[12] R. Doc. 4.
[13] R. Doc. 1 at 2.

U.S.C. §§ 30501, *et seq*.[14]  Following discovery, Deep South filed the instant motion for partial summary judgment as to the issue of its entitlement to limitation of liability.[15]

## II.    PENDING MOTION

In its motion, Deep South argues that the company's liability for Anthony's injuries should be limited to the value of the airboat and its pending freight because no genuine dispute exists as to Deep South's lack of privity or knowledge of the allegedly negligent acts or unseaworthy conditions that caused Anthony's injuries.[16]  And, says Deep South, even if Anthony could establish that Boudreaux operated the airboat negligently, it is undisputed that Boudreaux was an otherwise competent captain who was reasonably selected for the job by Deep South and that mistakes of navigation cannot render the owner liable, so summary judgment on the issue of limitation remains proper.[17]  Nevertheless, Deep South maintains that the evidence belies Anthony's contention that the vessel was unseaworthy or that a negligent act occurred, because Anthony himself stated that he was unaware of any complaints about Boudreaux's performance or any deficiency in the airboat itself.[18]

In opposition, Anthony argues that his injuries occurred because of Boudreaux's negligent operation of the airboat and Deep South's selection of "an improperly trained captain" for the job.[19]  He contends that summary judgment on the question of limitation is improper because factual issues exist as to Deep South's knowledge of the complaints made about Boudreaux's operation of the airboat.[20]  Moreover, says Anthony, it is undisputed that Deep South itself failed

---

[14] *Id.*
[15] R. Doc. 32.
[16] R. Doc. 32-1 at 4.
[17] *Id.* at 10-13.
[18] *Id.* at 9-10.
[19] R. Doc. 41 at 2.
[20] *Id.* at 9-10.

to provide adequate safety policies and procedures for the passengers on its vessels.[21]  According to Anthony, these failures also preclude Deep South's entitlement to limitation.[22]

In reply to Anthony's opposition, Deep South submits that Anthony "has failed to come forward with any evidence that creates a genuine dispute as to any material fact."[23]  Particularly, Deep South argues that no genuine disputes exist as to (1) Boudreaux's training, experience, and qualifications as an airboat operator; and (2) the seaworthiness of the vessel.[24]  Finally, the company asserts that "Anthony has completely failed to refute the evidence" that Deep South lacked privity or knowledge of the alleged complaints about Boudreaux's operation of the airboat.[25]  In sum, Deep South insists that it is entitled to limitation and the motion for partial summary judgment should be granted.

In his surreply, Anthony argues that a factual dispute exists as to whether Deep South's Denny Adolph knew of the complaints about Boudreaux's operation of the airboat.[26]  Specifically, Anthony contrasts the deposition testimony of one of the passengers on the airboat at the time of the accident, who said that he, through other Weeks Marine employees, complained to Deep South about Boudreaux's boat-handling, resulting in subsequent (albeit temporary) improvements, with the deposition testimony of Adolph, who denied ever receiving complaints about Boudreaux.[27]  Given this dispute, and the credibility determinations required to resolve it, Anthony reasserts that summary judgment is improper.[28]

---

[21] *Id.* at 8-9, 11-14.
[22] *Id.* at 17-18.
[23] R. Doc. 50 at 1.
[24] *Id.* at 2-3, 8-9.
[25] *Id.* at 9.
[26] R. Doc. 55 at 1-2.
[27] *Id.* at 2.
[28] *Id.*

## III.    LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)).  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id*.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact.  *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact.  *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive law identifies which facts are material.  *Id*.  Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole.  *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014).  Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment.  *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994).  In ruling on a summary judgment

motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

## B. Limitation of Liability

Under the Limitation of Liability Act, "the liability of the owner of a vessel for any claim, debt, or liability described in subsection (b) shall not exceed the value of the vessel and pending freight." 46 U.S.C. § 30523(a). Claims subject to limitation include "any loss, damage, or injury

6

by collision, or any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without privity or knowledge of the owner." *Id.* § 30523(b).  "In short, 'under the Act, a party is entitled to limitation only if it is "without privity or knowledge" of the cause of the loss.'" *SCF Waxler Marine, L.L.C. v. M/V Aris T*, 24 F.4th 458, 472 (5th Cir. 2022) (quoting *In re Hellenic, Inc.*, 252 F.3d 391, 394 (5th Cir. 2001)) (alteration and emphasis omitted). To determine whether a vessel owner is entitled to limitation, a court conducts a two-step analysis:

> First, the court must determine what acts of negligence or conditions of unseaworthiness caused the accident.  Second, the court must determine whether the shipowner had knowledge or privity of those same acts of negligence or conditions of unseaworthiness.  Knowledge or privity of any fact or act causing the accident is not enough for denial of limitation; it is only knowledge or privity of negligent acts or unseaworthy conditions which trigger a denial of limitation.  And, although the petitioner in limitation bears the burden of proving lack of privity or knowledge, the initial burden of proving negligence or unseaworthiness rests with the libellants.

*Farrell Lines, Inc. v. Jones*, 530 F.2d 7, 10 (5th Cir. 1976) (citations and footnote omitted).  Under this two-step analysis, the claimant bears the initial burden of proving the negligent acts or unseaworthy conditions that caused the injury.  Then, the burden shifts to the complainant-in-limitation to prove the vessel owner's lack of privity or knowledge.  *See In re Hellenic*, 252 F.3d at 394 ("Once the claimant establishes negligence or unseaworthiness, the burden shifts to the owner of the vessel to prove that negligence was not within the owner's privity or knowledge.").

 Generally, a vessel owner has privity "'if he personally participated in the negligent conduct or brought about the unseaworthy condition.'"  *In re Omega Protein, Inc.*, 548 F.3d 361, 371 (5th Cir. 2008) (quoting *Trico Marine Assets Inc. v. Diamond B Marine Servs. Inc.*, 332 F.3d 779, 789 (5th Cir. 2003)).  The Fifth Circuit has observed that privity or knowledge "'implies some sort of complicity in the fault that caused the accident.'"  *Id.* (quoting *Brister v. A.W.I., Inc.*, 946 F.2d 350, 355 (5th Cir. 1991)). "Privity and knowledge are deemed to exist where the owners had

the means of knowledge, or, as otherwise stated, where knowledge would have been obtained from reasonable inspection." *Gabarick v. Laurin Mar. (Am.), Inc.*, 900 F. Supp. 2d 669, 677 (E.D. La. 2012). Thus, vessel owners have "a duty to inquire about conditions and practices likely to produce or contribute to loss, unless appropriate means are adopted and adhered to in order to prevent loss." *Id.* Further, the privity-or-knowledge standard not only "'obliges the owner to select a competent master,'" but also "requires the owner to properly train the master and crew." *SCF Waxler*, 24 F.4th at 472 (quoting *In re Omega Protein*, 548 F.3d at 374). "It does not, however, render the owner liable for 'mere mistakes of navigation by an otherwise competent crew.'" *Id.* (quoting *In re Omega Protein*, 548 F.3d at 371).

Here, Deep South's motion for summary judgment must be denied. Assuming, as Deep South does for the purposes of its motion only, Anthony can satisfy his burden of proving that a negligent act or unseaworthy condition caused the accident,[29] there exist – by the thinnest of margins – genuine disputes of material fact as to whether Deep South had privity or knowledge of the negligent acts or unseaworthy conditions that Anthony alleges caused the accident. For example, the parties dispute whether Adolph, as owner of Deep South, had knowledge of Boudreaux's erratic operation of the airboat over the course of the job with Weeks Marine. Anthony points to the deposition testimony of Jessie Garrick, a Weeks Marine employee and fellow passenger on the airboat at the time of the accident, who stated that he and other employees complained to their supervisors about "the way [Boudreaux] drove" the airboat.[30] He believed Deep South was so advised because, after those conversations occurred, Boudreaux "would tone

---

[29] At least one court has "held that summary judgment is not available on claims for limitation of liability before it has been determined which acts of negligence or conditions of unseaworthiness caused the incident-in-question." *Howard v. Offshore Liftboats, LLC*, 2016 WL 74448, at *2 n.22 (E.D. La. Jan. 6, 2016). This Court is not unsympathetic with this view – at least in cases where the vessel owner is the movant – but sees no need to adopt it for this case.

[30] R. Doc. 41-2 at 14; *see also id.* at 21-22.

it down, the way he drove, for a while; then he would eventually go back."[31]  This cycle, stated

Garrick, occurred "[t]hree or four times" during the course of the job.[32]  In addition, Boudreaux

testified in his deposition that he and Adolph were in regular communication with each other over

the course of the job: "Denny [Adolph] called me for the job; and I spoke to Denny throughout the

job."[33]  Adolph, on the other hand, stated in his deposition that he was unaware of any complaints

about Boudreaux's operation of the airboat.[34]  Thus, Adolph's knowledge of Boudreaux's

questionable boat-handling is genuinely disputed, and the resolution of this dispute requires the

Court to assess the credibility of the witnesses.  Anthony also claims that Deep South's failure to

have safety manuals or procedures also caused the accident.  While it is undisputed that Deep

South did not have a safety manual or provide a safety lecture to its passengers,[35] there is a genuine

dispute as to whether these omissions caused the accident.  *See In re Dredge Big Bear*, 525 F.

Supp. 3d 731, 739 (M.D. La. 2021) ("Privity and knowledge exist where a vessel owner negligently

fails to provide adequate policies and procedures *when such failure was a proximate cause of the

loss.*") (emphasis added).  Given these disputes, denial of Deep South's motion is proper.  *See In

re OMI Env't Sols.*, 2014 WK 2158492, at *3-4 (E.D. La. May 23, 2014) (denying motion for

summary judgment as to issue of limitation where genuine dispute existed over vessel owner's

knowledge of negligence or unseaworthiness).

Furthermore, because both negligence/unseaworthiness and limitation will be tried to the

Court in this case,[36] it seems especially prudent to deny summary judgment now since trial is just

around the corner.  However, this hardly means that Anthony has carried the day on limitation but

---

[31] *Id.* at 22.

[32] *Id.*

[33] *See* R. Doc. 41-3 at 3.

[34] R. Doc. 32-4 at 7-9.

[35] R. Docs. 41-4 at 5-7; 41-3 at 20-21.

[36] R. Doc. 26 at 4 ("Trial will commence on October 2, 2023, at 9:00 a.m., before the District Judge without a jury.") (emphasis omitted).

only that the question remains for trial.  If Anthony's proof of Deep South's privity or knowledge is not shorn up by then, a different outcome portends on a weighing of all the evidence.

**IV.     CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Deep South's motion for partial summary judgment (R. Doc. 32) is DENIED.

New Orleans, Louisiana, this 4th day of August, 2023.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE